[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15522
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00221-TWT-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO ELORZA-OBREGON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 27, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Francisco Elorza-Obregon appeals his 57-month sentence, imposed after he pleaded guilty to illegally re-entering the United States after conviction of an aggravated felony and deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Elorza-Obregon argues that the district court abused its discretion by applying a full 16-level enhancement for illegal re-entry after conviction of an aggravated felony. He argues that: (1) the district court abused its discretion in failing to consider the history of the development of the illegal entry sentencing guideline; (2) because the guideline was not developed through an empirical approach and was therefore arbitrarily arrived at by the Sentencing Commission, it is entitled to less deference; and (3) both the facts underlying the previous conviction upon which the enhancement was based and the remoteness of the conviction warrant consideration for a shorter sentence. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range,

treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010).

Although we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

In this case, Elorza-Obregon has not demonstrated that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors.[2] The district court's sentence of 57 months represented the lowest end of the applicable guideline range of 57-71 months, and we would ordinarily expect such a sentence to be reasonable. See Hunt, 526 F.3d at 746. This sentence was also well below the 20-year statutory maximum. See Gonzalez, 550 F.3d at 1324; 8 U.S.C. § 1326(b)(2).

---

[2] Elorza-Obregon has not argued that his sentence was procedurally unreasonable.

4

The sentence, moreover, met the goals encompassed within 18 U.S.C. § 3553(a). Elorza-Obregon had a number of prior convictions which ultimately resulted in his deportation. He has repeatedly provided aliases to law enforcement officers and failed to appear in court. Considering Elorza-Obregon's criminal history, a custodial sentence within the guideline range was needed to promote respect for the law, provide just punishment, and deter him from further criminal activity. See 18 U.S.C. § 3553(a)(2).

Further, Elorza-Obregon's reliance on Kimbrough v. United States, 552 U.S. 85 (2007), does not support his contention that the district court erred by declining to afford less deference to an enhancement guideline on the ground that the guideline was not developed based on empirical data. In Kimbrough, the Supreme Court held that a sentence outside of the guidelines is not per se unreasonable when based on the sentencing court's disagreement with a sentencing disparity produced by the guidelines. 552 U.S. at 91. The Court further held that a judge is therefore permitted, based on such disagreement, to determine that a guidelines sentence is "greater than necessary to serve the objectives of sentencing." Id. (quotation omitted). In support of this conclusion, the Court cited the fact that the Sentencing Commission "did not take account of empirical data and national experience" in formulating guidelines ranges for crack cocaine offenses. Id. at 109 (quotation omitted). However, the

5

Court did not require a sentencing judge to consider lack of empirical data as a basis for departing from the guidelines. See generally 552 U.S. 85. We have likewise said that under Kimbrough, a sentencing judge may consider lack of empirical evidence as one factor in the analysis of whether to depart from the guidelines. United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010). However, we have never required a sentencing judge to consider such evidence. Cf. id. ("The lack of empirical evidence would not require the wholesale invalidation of sentencing guidelines."). The district court here therefore did not abuse its discretion in failing to do so.

Elorza-Obregon's arguments concerning the facts underlying the conviction upon which the 16-level enhancement was based and the remoteness of the conviction likewise fail to establish that the sentencing court abused its discretion. 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2 simply require a district court, when determining whether to impose a prior-conviction enhancement, to consider whether a prior conviction constitutes, among other things, a "crime of violence," but does not require it to consider the seriousness of the facts underlying the convictions. In this regard, it should be noted that Elorza-Obregon does not argue that his previous conviction failed to meet the definition of "crime of violence" in § 2L1.2(b)(1)(A)(ii). Moreover, we have held that the illegal reentry enhancement guideline does not turn on how long ago the prior conviction occurred. See United States v.

6

Camacho-Ibarquen, 410 F.3d 1307, 1310 (11th Cir. 2005). The sentencing court therefore did not abuse its discretion when it assessed the 16-level enhancement without considering these factors in determining the final sentence.

Because Elorza-Obregon's sentence was supported by the § 3553(a) factors, and the district court did not commit a clear error of judgment in weighing those factors, there was no abuse of discretion. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**